# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| SETH SWALLEN, | ) | CASE NO. 5:25-cv-2039 |
| | ) | |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| SPRINGFIELD TOWNSHIP POLICE | ) | |
| DEPARTMENT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff Seth Swallen ("Swallen") filed this action under 42 U.S.C. § 1983 against the Springfield Township Police Department and three "John Doe" officers (collectively, "defendants"). Swallen's complaint alleges that defendants: (i) used excessive and unreasonable force in violation of the Fourth and Fourteenth Amendments of the U.S. Constitution; (ii) falsely arrested and detained him in violation of Ohio law and the U.S. Constitution; (iii) conducted a warrantless and unjustified search and seizure in violation of the Fourth Amendment; (iv) knowingly created or altered evidence to support false charges against him in violation of the Fourteenth Amendment; and (v) initiated or continued a criminal prosecution without probable cause and with malice against him. (*See generally* Doc. No. 1-1 (Complaint).) Swallen seeks compensatory damages, punitive damages, costs and attorney's fees, and declaratory and injunctive relief. (*Id.* at 4.)

Before the Court is defendants' motion for judgment on the pleadings. (Doc. No. 10 (Motion).) For the reasons set forth herein, the motion is **GRANTED**.

## I.     BACKGROUND

Swallen pleads very few facts in his complaint. He states that on or about August 25, 2025, he was present at 2424 Massillon Road in Akron, Ohio, when he was approached by three unknown and unidentified Springfield Township Police Department officers. (Doc. No. 1-1 ¶¶ 3, 6–7.) He claims that "[w]ithout legal justification or a valid warrant, officers used excessive force in detaining [p]laintiff, including but not limited to handcuffing [p]laintiff and placing him into a squad car with unpadded seats while still restrained in handcuffs." (*Id.* at ¶ 8.) He represents that "the handcuffs were not properly adjusted" and that he suffered physical injury despite calling for help. (*Id.*) The remainder of Swallen's complaint consists of unsubstantiated legal conclusions. (*See, e.g., id.* ¶¶ 9 ("Plaintiff was **falsely arrested** and **falsely imprisoned**[.]" (emphasis in original)), 10 ("Defendants conducted an **unlawful search and seizure**[.]" (emphasis in original)), 11 ("Officers knowingly and intentionally **fabricated evidence**[.]" (emphasis in original)), 12 ("Plaintiff was subjected to **malicious prosecution**[.]" (emphasis in original)).)

Swallen filed this action in the Summit County Court of Common Pleas on August 26, 2025. (Doc. No. 1-1, at 2.)[1] Defendants removed the case to federal court on September 25, 2025. (Doc. No. 1 (Notice of Removal).) The parties jointly submitted a Report of Parties' Planning Meeting on January 2, 2026, in advance of the case management conference scheduled for January 7, 2026. (Doc. No. 6 (Report of Parties' Planning Meeting).) Since that filing, Swallen has been inactive in this case. Swallen did not participate in the case management conference (*see* Minutes of Proceedings [non-document], 01/02/2026), nor has he cooperated with defendants in filing joint

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

status reports as required by the Case Management Plan and Trial Order (*see* Doc. No. 9 (Defendants' First Status Report), at 1 n.1 (informing the Court that despite repeated efforts, Swallen did not respond to defendants' efforts to receive his approval in advance of filing the status report); Doc. No. 11 (Defendants' Second Status Report), at 1 n.1 (same)). On March 19, 2026, defendants filed the instant motion seeking judgment on the pleadings. (Doc. No. 10.) The motion is unopposed.

## II.     LEGAL STANDARD

Fed. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The standard of review for a motion for judgment on the pleadings is the same as for a motion to dismiss for failure to state a claim for relief under Rule 12(b)(6). *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (citation omitted). "'For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment.'" *Id.* (quoting *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)). The district court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

In considering a Rule 12(c) motion, the allegations in the complaint are the Court's primary focus. "To survive a motion to dismiss [or judgment on the pleadings], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *See id.* (citing *Twombly*, 550 U.S. at 555). The complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotation marks and citations omitted) (emphasis in original). "The motion is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991) (citation omitted).

In ruling on a Rule 12(c) motion, the Court considers all available pleadings and may also consider: "(1) any documents attached to, incorporated by, or referred to in the pleadings; (2) documents attached to the motion for judgment on the pleadings that are referred to in the complaint and are central to the plaintiff's allegations, even if not explicitly incorporated by reference; (3) public records; and (4) matters of which the court may take judicial notice." *Dudek v. Thomas & Thomas Attorneys & Counselors at Law, LLC*, 702 F. Supp. 2d 826, 832 (N.D. Ohio 2010) (citations omitted).

*Pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam), but the lenient treatment generally accorded *pro se* pleadings "has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). To avoid dismissal, even *pro se* complaints must meet basic federal pleading requirements and set forth allegations sufficient to state a plausible claim for relief. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (citations omitted).

4

### III.    DISCUSSION

Defendants contend that Swallen's complaint warrants dismissal because, *inter alia*: (i) the Springfield Township Police Department is not *sui juris*; (ii) to the extent Swallen attempts to bring a claim against Springfield Township, he fails to state a claim; and (iii) Swallen has not identified the John Doe officers nor effectuated service as required by Fed. R. Civ. P. 4(m). (*See generally* Doc. No. 10.) The Court agrees.

#### a.   Springfield Township Police Department

It is well settled that police departments are not *sui juris*, meaning they are not separate legal entities under Ohio law that can sue or be sued. *Wagner v. City of Canton*, No. 5:19-cv-377, 2020 WL 1514551, at *1 n.2 (N.D. Ohio Mar. 30, 2020) (finding Canton Police Department is not *sui juris*). Rather, "[t]hey are merely sub-units of the municipalities they serve" (in this case, Springfield Township) and they do not have a separate legal existence. *See Deir v. Lake Cnty.*, No. 1:12-cv-110, 2012 WL 1142467, at *3 (N.D. Ohio Apr. 4, 2012); *Lawson v. City of Youngstown*, 912 F. Supp. 2d 527, 531 (N.D. Ohio 2012) (collecting cases). Because the Springfield Township Police Department lacks the capacity to be sued, Swallen's claims against it must be dismissed.

#### b.   Springfield Township

Swallen does not name Springfield Township as a defendant. The Court nevertheless construes Swallen's allegations of constitutional violations as purporting to assert a claim of municipal liability claim under *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).[2]

---

[2] To the extent Swallen claims that Springfield Township's liability is premised on a theory of *respondeat superior*, the Court notes that it is well established that "a municipality cannot be held liable *solely* because it employs a

To successfully assert a *Monell* claim, a plaintiff must adequately allege facts sufficient to establish: (1) "a clear and persistent" pattern of unconstitutional conduct by municipal employees; (2) the municipality's "notice or constructive notice" of the unconstitutional conduct; (3) the municipality's "tacit approval of the unconstitutional conduct, such that [its] deliberate indifference in [its] failure to act can be said to amount to an official policy of inaction"; and (4) that the policy of inaction was the "moving force" of the constitutional deprivation, such that the plaintiff's constitutional injury was directly caused by the conduct of the municipality rather than simply by the conduct of the municipal employee. *D'Ambrosio v. Marino*, 747 F.3d 378, 387–88 (6th Cir. 2014) (citing *Doe v. Claiborne Cty.*, 103 F.3d 495, 508 (6th Cir. 1996)). "To satisfy the *Monell* requirements, a plaintiff must identify the policy, connect the policy to the [Springfield Township] itself and show that the particular injury was incurred because of the execution of that policy." *Myers v. Boardman Loc. Sch. Dist. Bd. of Educ.*, No. 4:21-cv-2048, 2022 WL 17307806, at *4 (N.D. Ohio Nov. 28, 2022) (quotation marks and citations omitted).

Swallen does not plead facts that would support a finding of any of the elements required to assert a *Monell* claim. He does not identify any specific policy or custom of Springfield Township or allege facts indicating how such policy was connected to the conduct of the various John Doe officers of which he complains. Because Swallen does not allege facts sufficient to support a plausible inference that an official policy or custom of Springfield Township caused a deprivation of his constitutional rights, any purported claim against Springfield Township warrants dismissal.

---

tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691 (emphasis in original).

### c.  John Doe Officers

Having dismissed the claims against the Springfield Township Police Department and Springfield Township, Swallen's only remaining claims are against three John Doe officers.

Where a plaintiff is temporarily unable to ascertain a defendant's actual name, the plaintiff may file a complaint that names the unknown defendant as "John Doe." "However, simply identifying an unknown defendant in the complaint by the pseudonym of John Doe . . . is not enough to commence a civil action against that unknown defendant." *Smith v. City of Chattanooga*, No. 1:08-cv-63, 2009 WL 3762961, at *5 (E.D. Tenn. Nov. 4, 2009) (citing *Bufalino v. Michigan Bell Tel. Co.,* 404 F.2d 1023, 1028 (6th Cir. 1968)). While John Doe pleadings may be an acceptable practice if the John Doe is an actual person or entity that can be identified through discovery and served accordingly, "a plaintiff suing such defendants must comply with Fed. R. Civ. P. 4(m) by serving the 'John Does' within the time specified therein." *Epperson v. City of Humboldt*, 183 F. Supp. 3d 897, 908 (W.D. Tenn. 2016) (citing *Shepherd v. Voitus*, No. 4:14-cv-866, 2015 WL 4599609, at *1 (N.D. Ohio July 29, 2015)); *see also Searcy v. Cnty. of Oakland*, 735 F. Supp. 2d 759, 771 (E.D. Mich. 2010) ("Rule 4(m) applies equally to . . . pseudonymous defendants." (citing *Petty v. County of Franklin, Ohio*, 478 F.3d 341, 345–46 (6th Cir. 2007)).

Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). For cases removed to federal court, Rule 4(m) permits service within 90 days after the date of removal. *Neville v. Salvation Army Nat'l Corp.*, No. 3:25-cv-227, 2026 WL 687952, at *6 (W.D. Ky. Mar. 11, 2026) (citing *Cowen v. Am. Med. Sys., Inc.*, 411 F. Supp. 2d

717, 721 (E.D. Mich. 2006)). The Court must extend the time for service upon a showing of good cause, and the Court may exercise its discretion to permit late service even where a plaintiff has not shown good cause. *Botello v. Tennessee Dep't of Correction*, No. 3:18-cv-549, 2020 WL 3422218, at *3 (M.D. Tenn. Apr. 6, 2020), *report and recommendation adopted*, 2020 WL 3412345 (M.D. Tenn. June 22, 2020).

Here, defendants move the Court to dismiss the claims against the three John Doe officers for failure to comply with Rule 4(m). (Doc. No. 10, at 8.) Swallen's complaint was filed on August 26, 2025, and this case was removed to federal court on September 25, 2025. (*See* Doc. No. 1.) Swallen has not served the John Doe officers within the 90-day time limit prescribed by Rule 4(m), nor has he requested an extension of the service deadline. Swallen also has not shown good cause for his failure to effectuate service. Courts routinely dismiss claims against John Doe defendants without prejudice when the plaintiff fails to identify and serve them in accordance with Rule 4(m). *See, e.g., Epperson*, 183 F. Supp. 3d at 908; *Reed-Baglia v. Cnty. of Summit*, No. 5:09-cv-352, 2010 WL 723761, at *5 (N.D. Ohio Feb. 24, 2010); *Boggs v. Corbin City Police*, No. 6:07-369, 2008 WL 718397, at *1 (E.D. Ky. Mar. 14, 2008); *Shulman v. Amazon.com.kydc, LLC*, No. 13-5, 2015 WL 1782636, at *5 n.6 (E.D. Ky. Apr. 20, 2015), *aff'd sub nom. Shulman v. Amazon.com.kydc, Inc.*, No. 15-6211, 2017 WL 5135522 (6th Cir. Jan. 11, 2017); *Dubose v. City of Morristown*, No. 2:07-cv-115, 2009 WL 1766008, at *6 (E.D. Tenn. June 22, 2009); *Ewing v. Wayne Cnty. Sherriff*, No. 2:22-cv-11453, 2023 WL 8246196, at *2 (E.D. Mich. Oct. 12, 2023), *report and recommendation adopted*, 2023 WL 8238959 (E.D. Mich. Nov. 28, 2023).

Accordingly, the Court must dismiss the remaining claims against "John Doe Officers 1–3" without prejudice for failure to effectuate service of process upon them as required by Rule 4(m).[3]

## IV.    CONCLUSION

For the reasons stated herein, the Court **GRANTS** defendants' motion for judgment on the pleadings (Doc. No. 10). Swallen's claims against the Springfield Township Police Department and Springfield Township (insofar as his pleadings can be construed as such) are **DISMISSED with prejudice** for failure to state a claim.[4] Swallen's claims against the unnamed John Doe officers are **DISMISSED without prejudice** for failure to effectuate service under Rule 4(m). This case is **CLOSED**.

**IT IS SO ORDERED**.

Dated: May 7, 2026

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[3] Additionally, the time for amending the pleadings has passed (*see* Doc. No. 7 (Case Management Plan and Trial Order)), and Swallen has failed to amend his complaint or file a motion under Rule 15 for leave to amend.

[4] In dismissing the John Doe defendants, the Court notes that Swallen has never moved for leave to file an amended complaint, nor did he file a response to defendants' motion, nor has he meaningfully participated in the case.